```
            UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

Valerie Gustafson

   v.                                   Civil No. 14-cv-305-JD

Recovery Services

## REPORT AND RECOMMENDATION

Valerie Gustafson brought suit against Recovery Services ("Recovery") alleging claims arising out of a telephone call that Recovery made to her in an attempt to collect a debt, which resulted in Gustafson making several payments to Recovery. When Recovery failed to appear, default was entered against it. See doc. no. 14. Before the court for a Report and Recommendation is Gustafson's motion for default judgment (doc. no. 15) pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons that follow, the court recommends that Gustafson's motion be granted in part.

## Standard of Review

After default is entered and when the amount at issue is not a sum certain, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2); see also KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003). "Although a defaulting party admits the factual basis of

the claims asserted against it, the defaulting party does not admit the legal sufficiency of those claims."  10 James Wm. Moore, Moore's Federal Practice § 55.32[1][b] (3d ed. 2013).  To recover on a motion for default judgment, "[t]he claimant must state a legally valid claim for relief."  Id.; see also Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002).  Therefore, before entering default judgment, the court must determine whether the admitted facts state actionable claims.  See Hop Hing Produces Inc. v. X & L Supermarket, Inc., No. CV 2012-1401(ARR)(MDG), 2013 WL 1232919, at *2 (E.D.N.Y. Mar. 4, 2013); E. Armata, Inc. v. 27 Farmers Market, Inc., No. 08-5212 (KSH), 2009 WL 2386074, at *2 (D.N.J. July 31, 2009).

## Background

By virtue of its default, Recovery concedes the following facts alleged in the complaint:

On or around December 10, 2013, Gustafson received a telephone call from a person who identified herself as "Amanda Oliver," who stated that she represented Recovery.  Oliver told Gustafson that she owed $800 on an unspecified debt, that she had to enter a payment plan and pay Recovery $100 immediately, and that if she failed to do so, she would be "subpoenaed to go to court" and there was a "good chance of going to jail."

Gustafson agreed to enter a payment plan and pay Recovery the $800 Oliver represented that Gustafson owed.

Shortly after the call ended, Gustafson received an email from Oliver, on behalf of Recovery. The email included an attached payment agreement, which listed the creditor as "Plains Commerce Bank," and showed an amount due of $800. Gustafson immediately signed and returned the agreement to Recovery via email. Gustafson made arrangements for $100 to be automatically withdrawn from her bank account each month and sent to Recovery.

After Gustafson made three payments of $100 each to Recovery, she sought legal counsel and terminated the automatic withdrawals. This action followed.

## **Discussion**

Gustafson seeks statutory damages under: (1) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. (Count I); (2) New Hampshire's Unfair, Deceptive, or Unreasonable Collection Practices Act ("UDUCPA"), N.H. Rev. Stat. Ann. ("RSA") ch. 358-C (Count II); and (3) New Hampshire's Consumer Protection Act ("CPA"), RSA ch. 358-A (Count III). Gustafson also seeks actual damages under the FDCPA.[1]

---

[1] A damages hearing was scheduled in this matter. Shortly before the date of the hearing, Gustafson filed a motion requesting a

By virtue of its default, Recovery conceded that (i) Gustafson is a "consumer," (ii) that Recovery's collection activity arose from a "consumer debt,"[2] and (iii) Recovery is a "debt collector," both within the meaning of the FDCPA and the UDUCPA.

A. FDCPA Claim

"In order to prevail on an FDCPA claim, a plaintiff must prove that: 1) the plaintiff has been the object of collection activity arising from consumer debt, 2) the defendant is a debt collector as defined by the FDCPA, and 3) the defendant has engaged in an act or omission prohibited by the FDCPA." Halsey

---

continuance of the hearing, in which she indicated that she intended to rely on her motion for default judgment and supporting documents, and did not believe a damages hearing was necessary. The court's case manager contacted Gustafson's attorney, who stated that she did not wish to have a damages hearing. The court then issued an order canceling the damages hearing, which stated: "The plaintiff has informed the court that she does not wish to have a damages hearing, and will rely on her motion for default judgment and the accompanying attachments."

2 Gustafson suggests in her complaint, although does not specifically allege, that she may not actually owe the debt that was the subject of Recovery's collection efforts. See Compl. ¶ 22 ("Ms. Gustafson did not recall ever owing a debt to Plains Commerce Bank."). Whether Gustafson legitimately owed the debt is irrelevant to whether or not Recovery was attempting to collect a debt under the FDCPA. See Som v. Daniels Law Offices, P.C., 573 F. Supp. 2d 349, 356 (D. Mass. 2008) ("[W]hether the debt at issue is legitimately owed has no bearing [on] the validity of [an] FDCPA action.").

v. Litton Loan Servicing, No. 12-cv-511-PB, 2013 WL 3754919, at *3 (D.N.H. July 13, 2013) (internal quotation marks and citations omitted).  As discussed above, the complaint adequately alleges, and Recovery has admitted, the first two elements.  Therefore, the court must determine whether Gustafson's FDCPA claim sufficiently alleges that Recovery engaged in an act or omission prohibited by the statute.

Gustafson's complaint alleges that Recovery violated two sections of the FDCPA:  15 U.S.C. §§ 1692g(a) and 1692e.

Section 1692g(a) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgments against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5

>    (5) a statement that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

§ 1692g(a).

In her complaint, Gustafson alleges that the December 10, 2013, phone call with Oliver was her initial communication with Recovery. Gustafson also alleges that Recovery did not provide her with the information contained in §§ 1692g(a)(3)-(5) during that initial phone call, and that Recovery never provided her with a written notice containing the statements. See Compl. ¶¶ 28(b)-(d). Therefore, Gustafson is entitled to default judgment on Count I.

Because Gustafson is entitled to default judgment on Count I based on Recovery's violation of § 1692g(a), the court does not address Gustafson's FDCPA claim based on § 1692e. See, e.g., Rhodes v. Olson Assocs., P.C., --- F. Supp. 3d ---, 2015 WL 1136176, at *4 (D. Col. Mar. 13, 2015) ("Plaintiff need demonstrate only one violation of [the] provisions [of the FDCPA] to be entitled to a favorable judgment.").

B. UDUCPA Claim

In Count II, Gustafson alleges a claim under the UDUCPA. The UDUCPA provides, as a general prohibition, that "[n]o debt collector shall collect or attempt to collect a debt in an

6

unfair, deceptive or unreasonable manner as defined in this chapter." RSA 358-C:2. Similar to a claim under the FDCPA, in order to recover under the UDUCPA, a plaintiff must show that 1) the plaintiff has "been the object of collection activity arising from a consumer debt"; 2) the defendant is a debt collector as defined by the UDUCPA, and 3) "the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the" UDUCPA. Pruden v. CitiMortgage, Inc., No. 12-cv-452-LM, 2014 WL 2142155, at *8 (D.N.H. May 23, 2014) (internal quotation marks and citations omitted). As with Gustafson's FDCPA claim, the complaint sufficiently alleges the first two elements. Therefore, the court must determine whether Gustafson's UDUCPA claim adequately alleges that Recovery engaged in an act or omission prohibited by the statute.

Gustafson alleges that Recovery violated the UDUCPA by "generally using unfair, deceptive and unreasonable means to collect a debt." Compl. ¶ 30. Specifically, Gustafson alleges that Recovery violated RSA 358-C:3, XI. See id. at ¶ 31.

RSA 358-C:3 XI prohibits a debt collector from:

> Threaten[ing] that nonpayment of a debt will result in the arrest of any person or the seizure, garnishment, attachment or sale of any property or wages without indicating, when a court order is legal prerequisite to any such action; that:

7

    (a) There must be a court order in effect permitting such action; and, where applicable,

    (b) That the debtor will have an opportunity to appear in court to contest such action prior to any such court order being effective.

RSA 358-C:3, XI. Gustafson alleges that Recovery violated the UDUCPA "by representing or implying to Ms. Gustafson that non-payment of a debt would result in arrest or imprisonment." Compl. ¶ 31.

    There is a lack of New Hampshire case law interpreting RSA 358-C:3, XI. The plain language of the statute demonstrates, however, that Gustafson is entitled to default judgment on her UDUCPA claim. As discussed above, the complaint alleges that Recovery told Gustafson that if she did not immediately enter into a payment plan, she would be subpoenaed to go to court and there was a good chance of going to jail. Such a statement constitutes a threat that nonpayment of Gustafson's debt would result in her arrest.[3] Recovery did not inform Gustafson that

---

[3] Given the dearth of case law interpreting the UDUCPA, "FDCPA cases are also useful in interpreting the UDUCPA because [the FDCPA] contains provisions similar to the [UDUCPA]." Moore v. Mortg. Elec. Registration Sys., Inc., 848 F. Supp. 2d 107, 125 n.10 (D.N.H. Jan. 17, 2012) (internal quotation marks and citation omitted). "[F]or FDCPA purposes, [a communication] is to be viewed from the perspective of the hypothetical unsophisticated consumer." Pollard v. Law Office of Mandy L. Spaulding, 766 F.3d 98, 103 (1st Cir. 2014). Although the court does not hold that the hypothetical unsophisticated consumer

there must be a court order permitting her arrest, or that she would have the opportunity to appear in court to contest such an order prior to the order being effective.

Accordingly, Gustafson is entitled to default judgment on her UDUCPA claim in Count II.

C. CPA Claim

In Count III, Gustafson alleges a claim under the CPA. The CPA provides: "It shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state." RSA 358-A:2. Gustafson bases her CPA claim on RSA 358-C:4, VI, which states that "[a]ny violations of the provisions of [the UDUCPA] shall also constitute an unfair and deceptive act or practice within the meaning of RSA 358-A:2 and may be enforced by the attorney general pursuant to RSA 358-A." RSA 358-C:4, VI.

As other judges in this district have noted, RSA 358-C:4, VI's plain language "appears to limit enforcement to the attorney general." Porter v. Countrywide Home Loans, Inc., No. 13-cv-429-JD, 2014 WL 4450043, at *3 n.2 (D.N.H. Sept. 10,

---

standard necessarily applies to the UDUCPA, the standard supports the court's conclusion that, under the UDUCPA, Recovery's statement is considered a threat to Gustafson that nonpayment of her debt would result in her arrest.

9

2014); see also Forcier v. Creditors Specialty Serv., Inc., No. 13-cv-444-LM, 2014 WL 6473043, at *10 (D.N.H. Nov. 17, 2014); Himes v. Client Servs. Inc., 990 F. Supp. 2d 59, 65 n.4 (D.N.H. 2014).  Unlike this case, however, those judges did not need to decide whether RSA 358-C:4, VI provides a private right of action, because, unlike here, the plaintiffs in those cases failed to state a UDUCPA claim.

The court agrees that the plain language of RSA 358-C, VI appears to limit enforcement to the attorney general.  Gustafson does not address this language in her motion for default judgment.  She has not shown that violation of the UDUCPA, by itself, creates a private right of action under the CPA.

Accordingly, Gustafson is not entitled to default judgment on her CPA claim in Count III.

D.   Summary

Gustafson is entitled to default judgment on her FDCPA claim alleged in Count I and on her UDUCPA claim alleged in Count II.  She is not entitled to default judgment on her CPA claim alleged in Count III.  Therefore, the court will assess damages under the FDCPA and the UDUCPA.

E.   Damages

"In the case of defaulting defendants, allegations of damages are not deemed admitted in the context of a default

judgment, and it is the plaintiff's burden to establish any entitlement to recovery." Joe Hand Promotions, Inc. v. Rajan, No. 10-40029-TSH, 2011 WL 3295424, at *3 n.2 (D. Mass. July 28, 2011) (internal quotation marks and citation omitted).

Gustafson seeks $6,000 in damages for her FDCPA claim and $400 in damages for her UDUCPA claim. The court addresses each claim in turn.

1. FDCPA Claim

"The FDCPA provides that successful plaintiffs are entitled to actual damages, statutory damages of up to $1,000, and 'the costs of the action, together with a reasonable attorney's fee as determined by the court . . . .'" French v. Corp. Receivables, Inc., 489 F.3d 402, 403 (1st Cir. 2007) (quoting 15 U.S.C. § 1692k(a)(3)).

Gustafson seeks both actual damages and statutory damages. Although Gustafson seeks attorney's fees and costs under the FDCPA in the prayer for relief in her complaint, she does not request an award of attorney's fees and costs in her motion for default judgment. See Mot. for Def. Judg. (doc. no. 15) at ¶ 19. Nor does she provide a breakdown of any fees and costs. Accordingly, the court recommends at this time that the district judge award no attorney's fees or costs for Gustafson's FDCPA claim. See, e.g., Silbaugh v. Omni Credit Servs. of Fla., Inc.,

11

No. ELH-11-01387, 2012 WL 612480, at *1 (D. Md. Feb. 23, 2012) (recommending no award of attorney's fees and costs on plaintiff's motion for default judgment on her FDCPA claim when plaintiff did not request attorney's fees or costs and provided no proof as to either).

    a.   Actual damages

Under § 1692k, the court is authorized to award "any actual damage sustained by such person as a result of [the] failure [to comply with the provisions of the law]." § 1692k(a)(1). "Actual damages not only include any out of pocket expenses, but also damages for personal humiliation, embarrassment, mental anguish or emotional distress." In re Hart, 246 B.R. 709, 732 (Bankr. D. Mass. 2000) (internal citation omitted); see also McDermott v. Marcus, Errico, Emmer & Brooks, P.C., 911 F. Supp. 2d 1, 72 (D. Mass. 2012) ("An award of actual damages may include damages for emotional distress caused by the debt collector's statutory violation.") (internal quotation marks and citations omitted). "A causal connection is required with respect to an award of actual damages." McDermott, 911 F. Supp. 2d at 72.

Gustafson asserts that she is entitled to $5000 in actual damages "for her personal humiliation, embarrassment, mental anguish, and emotional distress." Mot. for Def. Judg. (doc. no.

12

15) at ¶ 13.  However, "[w]hile emotional distress damages are recoverable under the FDCPA, a Plaintiff cannot rely solely on his own conclusory statements of emotional distress to support his claim of harm."  Carlile v. N. Am. Asset Servs., LLC, No. 10-cv-3234, 2010 WL 5125846, at *2 (C.D. Ill. Dec. 9, 2010) (citing Wants v. Experian Info. Sols., 386 F.3d 829, 834 (7th Cir. 2004)); see also Laccinole v. Twin Oaks Software Dev., Inc., No. CA 13-716 ML, 2014 WL 2440400, at *1 n.2 (D.R.I. May 30, 2014) (limiting potential damages under the FDCPA to statutory damages despite plaintiff's claim for emotional distress damages, because the plaintiff's "submissions are devoid of facts suggesting actual damages, including emotional damages, and his Affidavit presents no evidence of any actual damages").

Gustafson states in her motion for default judgment and supporting affidavit simply that she suffered from emotional distress because of Recovery's actions.  As discussed above, Gustafson declined a damages hearing, during which she could have testified further concerning her alleged emotional distress.  Gustafson's conclusory statement in her affidavit is not sufficient to carry her burden to show that she is entitled

13

to actual damages for emotional distress.[4]  See, e.g. Finney v. MIG Cap. Mgmt., Inc., No. 2:13-02778, 2014 WL 1276159, at *13 (D. W. Va. Mar. 27, 2014) ("Although Finney claims that she suffered a variety of dignitary harms as a result of MIG's debt collection calls, she did not avail herself of the opportunity to present damages at any of the three hearing scheduled by the court for that purpose.  Moreover, nothing in her affidavit (which constitutes the entire corpus of evidence outside the pleadings in this matter) substantiates or quantifies any of these purported injuries.").

Gustafson's complaint alleges, however, and Recovery admits, that Gustafson paid Recovery $300.  Had Recovery provided Gustafson with the required notice, Gustafson would have been aware of her right to dispute the validity of the debt

---

[4] In her motion for default judgment, Gustafson cites McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939 (9th Cir. 2011), for the proposition that proof of a plaintiff's emotional distress damages in an FDCPA claim "can be based on the testimony of the consumer."  Mot. for Def. Judg. (doc. no. 15) at ¶ 12.  In McCollough, however, the jury awarded emotional distress damages on the plaintiff's FDCPA claim based on the plaintiff's "own testimony and testimony from a clinical psychologist, Dr. Donna Veraldi, who examined McCollough in July 2008."  McCollough, 637 F.3d at 957.  The court discussed the "ample evidence [] in the record to support the jury's award," which included a discussion of Veraldi's conclusions.  Id.  Regardless, unlike the plaintiff in McCollough, Gustafson has not offered any testimony to support her emotional distress damages in this case.

14

and to take other measures to contest Recovery's actions prior to making any payments. Therefore, Gustafson is entitled to $300 in actual damages for her out of pocket expenses.

Accordingly, the court recommends that the district judge award Gustafson $300 in actual damages for Count I.

### b. Statutory damages

"[S]tatutory damages under the FDCPA are limited to $1,000 per lawsuit, not $1,000 per violation." Nelson v. Equifax Info. Servs., LLC, 522 F. Supp. 2d 1222, 1238 (C.D. Cal. 2007); see Forcier, 2014 WL 6473043, at *13; see also Wright v. Fin. Serv. of Norwalk, Inc., 22 F.3d 647, 650-51 (6th Cir. 1994) (en banc); Williams v. Pressler and Pressler, LLP, No. 11-7296 (KSH), 2013 WL 5435068, at *10 (D.N.J. Sept. 27, 2013); Stilz v. Global Cash Network, Inc., No. 10 CV 1998, 2010 WL 3975588, at *4 (N.D. Ill. Oct. 7, 2010). "Whether statutory damages should be granted, and, if so, whether the full amount of $1,000 should be allowed, is committed to the discretion of the court." Manopla v. Bryant, Hodge and Assoc., LLC, No. 13-338 (JAP), 2014 WL 793555, at *6 (D.N.J. Feb. 26, 2014) (internal citations omitted). When assessing statutory damages in an FDCPA action, the court should consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." § 1692k(b)(1).

As discussed above, Gustafson's FDCPA claim in this case is based on a single phone call by Recovery. However, Recovery violated the FDCPA in at least three separate ways, by failing to provide the required notice under § 1692g(a)(3), § 1692g(a)(4), and § 1692g(a)(5). See Kaylor-Trent v. John C. Bonewicz, P.C., 910 F. Supp. 2d 1112, 1115-16 (C.D. Ill. 2012) (noting how debt collector's single message violated the FDCPA in multiple ways). The nature of the noncompliance with the FDCPA weighs in favor of statutory damages. Had Recovery complied with the FDCPA and informed Gustafson of her rights to dispute the debt, she likely would not have entered into a payment agreement or paid Recovery $300, particularly in view of her allegation that she may not have owed any debt to Plains Commerce Bank. Finally, the noncompliance was not the product of a mistake, but was intentional. Gustafson alleges that she attempted to contact Recovery by email and telephone after she entered into the payment agreement, but that she was unable to do so. This lack of availability by Recovery supports the inference that it knew that its actions were improper. See, e.g., Sweetland v. Stevens & James, Inc., 563 F. Supp. 2d 300, 305 (D. Me. 2008).

In view of the facts alleged in the complaint, the court views $1,000 in statutory damages as an appropriate award. See

Kaylor-Trent, 910 F. Supp. 2d at 1116 ("Given the three factors, and to encourage future compliance with the FDCPA, an award of statutory damages in the amount of $1,000 is appropriate.").

Accordingly, the court recommends that the district judge award Gustafson $1000 in statutory damages for Count I.

2. UDUCPA Claim

The UDUCPA provides:

> Any debt collector who violates the provisions of this chapter shall be liable in any court of competent jurisdiction to the debtor for one of the following, whichever is greater:
>
> (a) In an action brought by and on behalf of an individual debtor only, the sum of $200 plus costs and reasonable attorney's fees for each violation, or
>
> (b) For all damages proximately caused by the violation.

RSA 358-C:4, I. Gustafson seeks "$200 in statutory damages for each violation [of the UDUCPA], for a total of $400."[5] Mot. for Def. Judg. (doc. no. 15) at ¶ 16(b).

Gustafson appears to contend that she has alleged two separate violations of the UDUCPA. Gustafson states in her motion for default judgment: "Defendant violated N.H. RSA 358-

---

[5] Although Gustafson requests actual damages for her FDCPA claim, she seeks only statutory damages for her UDUCPA claim in her motion for default judgment.

C:2 by collecting or attempting to collect a debt in an unfair, deceptive or unreasonable manner and N.H. RSA 358-C:3, XI by threatening that nonpayment of the alleged debt would potentially result in her arrest." Id. at ¶ 16(a).

To the extent Gustafson intended to allege two separate violations of the UDUCPA in her complaint, she has not adequately done so. Although, as discussed above, Gustafson has alleged a claim under RSA 358-C:3, XI, the basis of her claim under RSA 358-C:2 is unclear.[6]

Accordingly, Gustafson has carried her burden to show that she is entitled to statutory damages for a single violation of the UDUCPA. Accordingly, the court recommends that the district judge award Gustafson $200 in damages for Count II.

As discussed above, Gustafson does not seek costs or attorney's fees in her motion for default judgment. Therefore, the court recommends at this time that the district judge award no attorney's fees or costs for Gustafson's UDUCPA claim.

---

[6] RSA 358-C:2, on which Recovery's purported second violation of the UDUCPA is based, states: "No debt collector shall collect or attempt to collect a debt in an unfair, deceptive or unreasonable manner as defined in this chapter." RSA 358-C:2. RSA 358-C:3 provides a list of actions which, if taken by the debt collector, "shall be deemed unfair, deceptive or unreasonable." RA 358-C:3.

**Conclusion**

For the foregoing reasons, the court recommends that the district judge: (1) grant default judgment to Gustafson on Counts I and II; (2) award Gustafson $1300 in damages for her FDCPA claim in Count I; and (3) award Gustafson $200 in damages for her UDUCPA claim in Count II.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

July 17, 2015

cc:   Cheryl S. Driscoll, Esq.